*TERRY A. DAKE, LTD.*
20 E. Thomas Rd.
Suite 2200
Phoenix, Arizona 85012-3133
Telephone: (602) 710-1005
tdake@cox.net

**Terry A. Dake - 009656**

Attorney for Trustee

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN THE MATTER OF:<br><br>Mark Christian Schreiber,<br>Deborah Jean Schreiber,<br><br>　　　　　Debtors.<br><br>Robert A. MacKenzie, Trustee,<br><br>　　　　　Appellant,<br>v.<br><br>Mark Christian Schreiber,<br>Deborah Jean Schreiber,<br><br>　　　　　Appellees. | No. 2:20-cv-01993-JJT<br><br>Case No. 2:20-bk-00631-MCW<br><br>Adv. No. N/A<br><br><br><br><br><br>**APPELLANT'S REPLY BRIEF** |

TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

  I.  The Schreibers Are Eligible For A Homestead Exemption Under Kansas Law. 1

  II. The Law Is Eligibility . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

  III. Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

TABLE OF AUTHORITIES

Cases                                                                                                              Page

*B. & M.R. Rld. Co. v. Thompson* 116 P. 251 (Kan.1911). . . . . . . . . . . . . . . . . . . . . . . 1, 2

*In re Jevne,* 387 B.R. 301 (Bankr.S.D.Fla.2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*In re Katseanes,* 2007 WL 296237 (Bankr.Idaho) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*In re Weaver*, 2:15-bk-00792-MCW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Sheehan v. Ash*, 574 B.R. 585 (D.W.Va.2017), affirmed, 889 F.3d 171 (4th Cir. 2018) . . 3

*State v. Holcomb,* 116 P. 251 (Kan.1911) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

*Ulrich v. Kauer,* 2020 WL 4195758 (D.Ariz.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Statutes

11 U.S.C. §522(b) . . . . . . . . . . . . . . . . . . . . . . .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

11 U.S.C. §522(d) . . . . . . . . . . . . . . . . . . . . . . .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

11 U.S.C. §522(b)(3)(A) . . . . . . . . . . . . . . . . . . .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

A.R.S. §33-1101. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

K.S.A. §60-2301 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

K.S.A. §60-2304 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## I. The Schreibers Are Eligible For A Homestead Exemption Under Kansas Law.

In their responsive brief, the Schreibers fail to explain to this Court how it is that *State v. Holcomb*, 116 P. 251 (Kan.1911) and *B. & M.R. Rld. Co. v. Thompson*, 1 P.622 (1884) support the conclusion that the Kansas homestead exemption statute is limited to Kansas residents. Rather, they simply rely on other case law which has reached that conclusion without any critical analysis. That, of course, is the easy way out. But, it is not the correct legal result.

Neither *Holcomb* nor *Thompson* say that Kansas exemptions, let alone this specific statutory homestead exemption that was enacted more than 50 years after *Holcomb*, may only be utilized by Kansas residents. And, the cases that say they do have been blinded and misled by the anti-extraterritorial doctrine. Judge Wanslee could have easily gone down that same rabbit hole when she decided *Weaver*, but she didn't. Instead, she analyzed the statute and concluded that there was nothing in the statute that prevented the application of the Arizona homestead to property located outside the state of Arizona.

The Kansas homestead statute is no different, and there is nothing else about Kansas law that compels a different conclusion. The cases that say there is suffer from a failure of critical legal analysis.

The anti-extraterritorial doctrine is not the answer to this case. The answer to this case begins with the Kansas homestead statute. Just like the Arizona statute that Judge Wanslee analyzed in *Weaver*, A.R.S. §33-1101, the Kansas homestead statute, K.S.A. §60-2301, has no residency restriction, and imposes no requirement that the property be located in Kansas. Rather, what the statute permits is an exemption in a mobile home "in which the person resides". The resident does not have to be in Kansas, and the mobile home does not have to be in Kansas. Thus, it is clear from the plain language of the statute that the Schreibers are entitled to exempt the mobile home in which they reside under Kansas law.

The only way to conclude that this homestead exemption is not available to the Schreibers is to impose a residency restriction that cannot be found in the plain language of the statute, either by adopting the anti-extraterritorial doctrine, or to read *Holcomb* and/or *Thompson* as imposing such a restriction on each and every exemption under Kansas law. But, both the appellants, and Judge Wanslee, admit that cannot be the case.

Both the Schreibers and Judge Wanslee acknowledge that at least two personal property exemptions are available in Kansas to non-residents. Appellee's Opening Brief, p. 7, lns. 23-25; AER Tab 6, p. 107. But, if *Holcomb* and *Thompson* impose a residency restriction on all Kansas exemptions, then how can those exemptions be available to non-residents? It is that sort of failed reasoning that plagues this case.

Even the case that Judge Wanslee cited in support of her ruling, *In re Jevne*, 387 B.R. 301 (Bankr.S.D.Fla.2008), supports the trustee's position. AER, Tab. 6, p. 106. As in *Jevne*, the statute at issue here is "silent as to its extraterritorial effect". Thus, the next step is to look at that state's case law. Here, there is no state case law interpreting this 1963 homestead statute as having a residency restriction, and neither *Holcomb* nor *Thompson* compel the conclusion that residency is required. Thus, says *Jevne*, "the strong policy of liberally construing exemptions in favor of the debtor" applies to allow the exemption. *Jevne*, 387 B.R. at 304-305. Therefore, the Schreibers are eligible to use the Kansas homestead exemption.

And here we are again back at this "policy of liberal construction". Why is it that this policy only applies when the Schreibers want it to apply? According to the Schreibers, it applies when they can't have all of the Kansas exemptions that they might like to have so that they can instead claim the federal exemptions. But, if they didn't find the federal exemptions to their liking, they would then argue that this same

-2-

"policy of liberal construction" allows them to claim the Kansas homestead exemption. How can this door swing both ways for the Schreibers, yet be chained shut for the trustee and the creditors? The Kansas homestead exemption statute cannot just be "liberally construed" when it suits the Schreibers.

The problem is that this case is being viewed from the wrong perspective. What we need is a role reversal. What we need is for the Schreibers to be claiming a homestead exemption for their mobile home under Kansas law and the trustee to object to that exemption. The question would be the same, but now the shoe is on the other foot - is there anything in Kansas law that would serve to defeat the asserted exemption? No, there isn't. There is nothing in the statute, or in Kansas case law, that says that these debtors cannot exempt that asset under the Kansas homestead statute, especially when the "liberal construction" that everyone seems to want to hang their hat on is applied.

And, that day will come when some debtor makes that claim. And some court will have to look at this case with those colored glasses on. Yet, the outcome should not be any different, since it is the same fact pattern applied to the same law. If the Schreibers were here claiming that exemption, and the trustee were objecting, it would be allowed. Therefore, the outcome here cannot be any different.

If the anti-extraterritoriality doctrine applies, then there is no debtor who can look back to any other state and use that state's exemptions. An Arizona debtor who moves to California can't look back to Arizona. A Calfornia debtor who moves to Oregon can't look back to California. And the beat goes on. In other words, what Judge Keeley predicted comes to fruition: "such an interpretation . . . would render the look-back window a fruitless endeavor." *Sheehan v. Ash*, 574 B.R. 585, 595 (D.W.Va.2017), *affirmed*, 889 F.3d 171 (4th Cir. 2018).

## II. The Law Is Eligibility

The Schreibers admit, "So long as the debtors can receive some exemptions under the applicable state law, there is no reason for recourse to §522(b)". Appellee's Opening Brief, p. 7, lns. 20-21. Then they admit that there are at least two personal property exemptions "available to the Debtors". Id. at ln. 23. And, as set forth above, they are also eligible for the Kansas homestead exemption. They complain, however, that they can't "take advantage" of the personal property exemptions that are available to them. Id. at p. 8, lns. 1-3.

First, they can in fact "take advantage" of the homestead exemption. Second, "take advantage" is not what Congress said in §522(b). No, what Congress said was "ineligible for". The Schreibers are not "ineligible" for these exemptions, they simply don't have any assets that fit within the allowable exemption. Things like residency and domicile are eligibility issues. I never played sports in college, so I have 4 years of eligibility left. What I don't have are the skills, or the youth, to be able to participate. Eligibility means "having the right", not having the qualifications, or the skills or, in this case, the assets.

Let's assume that the Schreibers were in fact Kansas residents, and were therefore "eligible" for the personal property exemptions found in K.S.A. §60-2304. Included in those exemptions is a "burial plot". The Schreibers don't have such an asset. AER, Tab 2, pp. 17-23. Just because they can't "take advantage" of that exemption doesn't mean that they are suddenly "ineligible" which is the term used by Congress. They simply don't have the assets which they are eligible to exempt.

What the Schreibers want, and what some courts have done, is to re-draft §522(b) from "ineligible" to "take advantage of". Redrafting that language is up to Congress, not the Schreibers or the courts.

"Take advantage of" is a slippery slope to be sure. Clever debtors with clever lawyers can gerrymander their affairs to insure that they can, or can't, "take advantage of" the state exemptions for which they are otherwise "eligible" as their desire dictates, thereby carrying out exactly the type of exemption forum shopping that Congress sought to prevent with the enactment of BAPCPA in 2005. Once the courts declare that "take advantage of" has supplanted eligible, then the Congressional goal of curtailing exemption shopping will be thwarted.

What the Schreibers want this Court to rule is that debtors can decide to elect to use the federal exemptions if they can't "take advantage of" all of the exemptions that they want under state law. But, how many is enough? Where is the "bright line"? There is none when the law is defined as "take advantage of".

"When this provision is plainly read, the federal exemptions are available only to those debtors who are 'ineligible for any exemption' due to the domiciliary requirements of §522(b)(3)(A). . . . However, the [Kansas] exemption statutes are applicable in Debtor's case, even if they do not benefit from all of the various exemptions provided under that State's laws. Therefore, Debtors are not 'ineligible for any exemption,' and thus the default rule provided in §522(b)'s hanging paragraph would not apply." *In re Katseanes*, 2007 WL 2962637, *3 (Bankr.Idaho).

Finally, the Schreibers attach to their brief without comment Judge Snow's recent ruling in Ulrich v. Kauer, CV-20-01328 (2020 WL 4195758), where Judge Snow ruled at p. 4 that the trustee's interpretation of "eligible" "distorts the statute's plain meaning and purpose." The trustee respectfully disagrees, and Judge Snow's ruling is on appeal to the 9th Circuit. From the trustee's perspective, equating "eligible" with "take advantage of" is yet another example of the courts interpreting the plain language of a bankruptcy statute to obtain a result that seems more "fair". Over and over again the Supreme Court has overturned rulings that fail to adhere to

the plain statutory language provided by Congress. If Congress had meant "taken advantage of" Congress is certainly sophisticated enough to pick its words with precision. But, that is not what Congress said, and construing "ineligible" to mean "take advantage of" to come to a result that seems more "fair" in this case may well not be as "fair" in the next case.

"Take advantage of" means that "eligibility" is determined by the assets that the debtor chooses to have on the petition date. Thus, "eligibility" becomes a gate that any debtor who so chooses can easily manipulate. Congress sought to limit the ability to manipulate the process when BAPCPA was enacted. There is no reason to invalidate the intent of Congress by so interpreting this statute.

### III. Conclusion

The bankruptcy court committed reversible error in allowing the Schreibers to claim the federal exemptions. The Schreibers are eligible for both personal property exemptions and a homestead exemption in Kansas. Consequently, they are ineligible to claim the federal exemptions. They must use the Kansas exemptions for which they are eligible, not the federal exemptions that they chose to use.

Wherefore, the trustee prays that this Court will reverse the decision of the bankruptcy court and remand this matter for further proceedings consistent with this Court's ruling.

DATED January 28, 2021.

***TERRY A. DAKE, LTD.***

By /s/ Terry A. Dake
Terry A. Dake
20 E. Thomas Rd.
Suite 2200
Phoenix, Arizona  85012-3133
Attorney for Trustee

-7-

**CERTIFICATE OF SERVICE**

I hereby certify that on January 28, 2021 I electronically transmitted the foregoing document to the Clerk's Office using the ECF system for filing, and transmitted a copy of the filed document to the following ECF registrants:

Kenneth L. Neeley, 025899
NEELEY LAW FIRM, PLC
1120 S. Dobson Rd., Ste. 230
Chandler, Arizona 85286
Tel: 480.802.4647 | Fax: 480.907.1648
ECF@neeleylaw.com

DATED January 28, 2021.

***TERRY A. DAKE, LTD.***

By /s/ Terry A. Dake
Terry A. Dake
20 E. Thomas Rd.
Suite 2200
Phoenix, Arizona 85012-3133
Attorney for Trustee

**CERTIFICATE OF COMPLIANCE**

1. This document complies with the type-volume limit of Fed. R. Bankr. P. 8015(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. Bankr. P. 8015(g):

O this document contains xxx words, or

O this brief uses a monospaced typeface and contains [state the number of] lines of text.

2. This document complies with the typeface requirements of Fed. R. Bankr. P. 8015(a)(5) and the type-style requirements of Fed. R. Bankr. P. 8015(a)(6) because:

O this document has been prepared in a proportionally spaced typeface using Microsoft Word Version 2016 in Times New Roman, 14-point font, or

xx this brief has been prepared in a monospaced typeface using WordPerfect with Times New Roman typeface and 14-point font.

      DATED January 28, 2021.

                            ***TERRY A. DAKE, LTD.***

                            By  /s/ Terry A. Dake
                              Terry A. Dake
                              20 E. Thomas Rd.
                              Suite 2200
                              Phoenix, Arizona  85012-3133
                              Attorney for Trustee