**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN THE MATTER OF:<br><br>Mark Christian Schreiber<br>Deborah Jean Schreiber,<br><br>Debtors.<br>Robert A. Mackenzie,<br><br>Appellant,<br><br>v.<br><br>Mark Christian Schreiber, *et al.*,<br><br>Appellees. | No. CV-20-01993-PHX-JJT<br><br>BK NO. 2:20-BK-00631-MCW<br><br>**ORDER** |

At issue is Trustee Robert A. Mackenzie's ("Appellant") Appeal (Doc. 6, "Appellant Opening Brief") of the United States Bankruptcy Court's Order Overruling Trustee's Objection to Debtors' Claimed Exemptions (Doc. 5-6, "Order"). The Court also considered Debtors Mark Christian Schreiber and Deborah Jean Schreiber's ("Appellees") Response (Doc. 10, "Appellees Opening Brief") and Appellant's Reply (Doc. 11, "Reply"). For the following reasons, the Court will affirm the Order.

**I.   BACKGROUND**

Appellees lived in Kansas from September 2005 through April 2019. They moved to Arizona in May 2019. On January 17, 2020, Appellees commenced a voluntary Chapter 7 case in the District of Arizona. Appellees claimed multiple federal exemptions pursuant

to the hanging paragraph of 11 U.S.C. 522(b)(3)(A) (the "hanging paragraph") and 11 U.S.C. §522(d). (Appellees Opening Brief at 1-2.) Appellant, the Chapter 7 trustee, filed a timely Objection to Appellees' use of federal exemptions. He argued that Appellees could not utilize the hanging paragraph to claim federal exemptions because Appellees were eligible to claim Kansas exemptions. (Doc. 5-5 at 7.) After a full round of briefing and oral argument, United States Bankruptcy Judge Madeline C. Wanslee overruled Appellant's Objection. Judge Wanslee reasoned that Appellees were ineligible to claim Kansas personal property exemptions and the Kansas homestead exemption because they were not residents of Kansas and any property eligible for exemption was located outside of Kansas; therefore, Appellees met the criteria to claim federal exemptions pursuant to the hanging paragraph and Section 522(d). (Order at 18.)

Appellant subsequently brought this appeal, contending that the Bankruptcy Court erred by finding: 1) Appellants were "ineligible for any exemption" pursuant to the hanging paragraph; and 2) Appellees could not claim the Kansas homestead exemption and various Kansas personal property exemptions.

**II.   LEGAL STANDARD**

A party may appeal a Bankruptcy Court's Order to the District Court if the Order is final and binding. 28 U.S.C. § 158(a). An appellant may choose between a Bankruptcy Appellate Panel, if one exists in the Circuit, and a District Court to hear its appeal. 28 U.S.C. § 158(c). Thus, this Court has appellate jurisdiction to review all final and binding Orders issued by the Bankruptcy Court. In ultimately resolving the substance of the appeal, the Court will review the Bankruptcy Court's conclusions of law *de novo* and its findings of fact under a clearly erroneous standard. *See* Fed R. Bankr. P. 8013; *Wegner v. Murphy (In re Wegner)*, 839 F.2d 533, 536 (9th Cir. 1988) (citing *Pizza of Hawaii, Inc. v. Shakey's, Inc.* (*In re Pizza of Hawaii, Inc.*), 761 F.2d 1374, 1377 (9th Cir. 1985)).

### III. ANALYSIS

#### A. 11 U.S.C. § 522(b)(3)(A)

When filing for bankruptcy, debtors may exempt certain assets. Each state has its own statutory scheme detailing which assets a debtor can exempt and the requirements to exempt those assets. There is also a federal exemption statutory scheme, 11 U.S.C. § 522 *et seq*. Pursuant to Section 522:

> [A]ny property that is exempt under Federal law, other than subsection (d) of this section, or [under] State or local law that is applicable on the date of the filing of the petition to the place in which the debtor's domicile has been located for the 730 days immediately preceding the date of the filing of the petition or if the debtor's domicile has not been located in a single State for such 730-day period, the place in which the debtor's domicile was located for 180 days immediately preceding the 730-day period or for a longer portion of such 180-day period than in any other place;

11 U.S.C. § 522(b)(3)(A).

The hanging paragraph provides "[I]f the effect of the domiciliary requirement under subparagraph (A) is to render the debtor ineligible for any exemption, the debtor may elect to exempt property that is specified under subsection (d)."

In the 730 days prior to filing for bankruptcy, Appellees resided in two locations, Arizona and Kansas. In the 180 days before that, Appellees resided in Kansas. Therefore, the debtors must claim exemptions under Kansas law. However, Kansas restricts the majority of its personal and real property exemptions to Kansas residents and has opted out of the federal bankruptcy exemptions. K.S.A. §§ 60-2304, 60-2312, 60-2313. The Bankruptcy Court identified two exemptions pursuant to Kansas law, K.S.A. § 36-302 and K.S.A. § 48-245, that are not restricted to Kansas residents. Section 36-302 creates an express exemption for innkeepers and Section 48-245 does the same for members of the Kansas National Guard.[1] Appellees, who are neither innkeepers nor members of the National Guard, cannot utilize either of these exemptions.

---

[1] As discussed, *infra*, Appellant contends that Appellees are eligible for other Kansas exemptions but the Court disagrees.

Because they could not claim Kansas exemptions, Appellees instead claimed federal exemptions pursuant to Section 522(d) and the hanging paragraph.

The crux of the dispute between the parties centers around the hanging paragraph's meaning of "ineligible for any exemption." Appellant contends that "ineligible" means "does not have a right to" and thus if Appellees are not affirmatively barred from utilizing a Kansas exemption, then they are eligible to use that exemption and cannot claim exemptions under Section 522(d). (Appellant Opening Brief at 5.) Appellees interpret the hanging paragraph to mean that a debtor is only eligible for an exemption if he possesses and actually can exempt the assets that the exemption covers. (Appellees Opening Brief at 7.)

The Court agrees with Appellees. The plain language and purpose of the statute as well as the caselaw interpreting it support Appellees' interpretation. Black's Law Dictionary defines "eligible" as "fit and proper… to receive a benefit." *Black's Law Dictionary* (11th ed. 2019). Appellees are not "fit and proper" to claim an exemption unless they possess the assets subject to the exemption.

Moreover, Appellant's interpretation of the hanging paragraph would frustrate the provision's purpose. The hanging paragraph is meant to ensure debtors are not barred from claiming any exemptions as a result of Section 522(b)(3)(A)'s domiciliary requirement. *See In re Long*, 470 B.R. 186, 190 (Bankr. D. Kan. 2012) (characterizing the hanging paragraph as a "fail-safe mechanism" to ensure debtors were not denied any exemptions). Courts typically construe Section 522 liberally as to allow debtors to claim exemptions. *See e.g. Culver, LLC v. Chiu (In re Chiu)*, 266 B.R. 743, 747 (B.A.P. 9th Cir. 2001), *aff'd*, 304 F.3d 905 (9th Cir. 2002) ("It is well-established that § 522 is to be interpreted liberally in favor of debtors in order to facilitate their 'fresh start.'"). Under Appellant's interpretation of "ineligible for any exemption," Appellees could not claim a single exemption. There would not be a fresh start, and Congress's concerns when enacting Section 522(b)(3)(A) would be realized.

Accordingly, courts determine a debtor's eligibility for state exemptions based on whether the debtor actually can claim the exemptions. *See e.g. In re Capps*, 438 B.R. 668,

- 4 -

673–74, (Bankr. D. Idaho 2010) ("[A]s long as the debtor may take advantage of some state exemption, the hanging paragraph does not allow the debtor to use the § 522(d) exemptions."); *In re Wilson*, 2015 WL 1850919, at *4 (Bankr. D. Idaho Jan. 13, 2015) ("So long as debtors can receive some exemptions under the applicable state law, there is no reason for recourse to § 522(d) federal exemptions as a fallback under § 522(b)(3)'s hanging paragraph."); *In re Rodenbough*, 579 B.R. 545, 551 (Bankr. D. Idaho 2018) (holding debtors could not claim federal exemptions under the hanging paragraph because they were entitled to claim exemptions under North Dakota law).

In response, Appellant cites *In re Katseanes*, where the court held that the debtor was ineligible to claim exemptions under Section 522(d), reasoning that "the [State] exemption statutes are applicable in Debtors' case, even if they do not benefit from all of the various exemptions provided under that State's laws." 2007 WL 2962637 at *3 (Bankr. D. Idaho Oct. 9, 2007). Appellant does not provide additional analysis but appears to contend that this language supports his interpretation of the hanging paragraph. (Appellant Opening Brief at 5.) However, Appellant fails to include the footnote immediately following the citation, which clarifies that the debtor claimed exemptions under Idaho law and "would be entitled to claim Utah's personal property exemptions." *Id.* at 5 n. 4-5. *Katseanes* thus stands for the exact proposition that Appellees claim. A debtor's ability to claim exemptions under Section 522(d) hinges on whether he can actually claim exemptions under state law. Therefore, the Court finds that Appellees, who cannot claim any Kansas exemptions, are "ineligible" as used in the hanging paragraph.

### B.     Homestead Exemption

Alternatively, Appellant argues Appellees can exempt their mobile home pursuant to Kansas's homestead exemption and thus are ineligible to claim exemptions under Section 522(d). The Court disagrees. Appellees' mobile home is located in Arizona. While Kansas's homestead exemption does not expressly state that the property must be located in Kansas, courts have consistently held that the Kansas homestead exemption does not have extraterritorial effect. *See, e.g., In re Sipka*, 149 B.R. 181, 182-83 (D. Kan. 1992)

(holding debtor could not claim the homestead exemption because Kansas exemptions do not have extra-territorial force); *In re Ginther*, 282 B.R. 16, 19 (Bankr. D. Kan. 2002) (finding that although the homestead laws of Kansas are meant to be liberally construed, the Kansas homestead exemption law does not have extra-territorial effect);[2] *see also State v. Holcomb*, 85 Kan. 178, 181, 116 P. 251, 252 (1911) ("A state is sovereign only within its own boundaries, and its laws have no extraterritorial force."); *Burlington M.R.R. in Neb. v. Thompson*, 31 Kan. 180, 1 P. 622 (1884) ("The laws of a state have no extraterritorial force. This as a general proposition is unquestioned, and includes within its scope exemption as well as other laws.")

Appellant argues that these cases were wrongly decided and should thus be disregarded. Specifically, he contends that *Ginther* and *Sipka* were decided prior to the 2005 BPCPA Amendments and mistakenly rely on *Holcomb* and *Burlington M.R.R.*, which do not expressly address the homestead exemption. However, Appellant fails to cite a single case that supports the applicability of the homestead exemption to property located outside of Kansas. In essence, Appellant asks the Court to overturn the only caselaw interpreting the issue at hand. The Court declines. Kansas caselaw is clear that the homestead exemption does not have extraterritorial effect. Therefore, Appellees are ineligible to claim the exemption.

### C. Personal Property Exemptions

Likewise, the Court disagrees with Appellant that Appellees are eligible to claim numerous other Kansas personal property exemptions under Kansas state law. The majority of Kansas personal property exemptions are controlled by K.S.A. §§ 60-2304, 60-2313. The plain language of each statute limits the exemptions to Kansas residents. Section 60-2304 ("[e]very person residing in this state shall have exempt from seizure and sale… the following articles of personal property…"); Section 60-2313 ("[e]xcept to the extent otherwise provided by law, every person residing in this state shall have exempt from

---

[2] *Ginther* thus refutes Appellant's contention that because Kansas's exemption laws are meant to be liberally construed, the Court must find that the homestead exemption applies to Appellees' property. *Id.* at 18-19. (Reply at 2-3.)

seizure and sale…"); *See Nickerson*, 375 B.R. at 871-72 ("Under the express language of [K.S.A. 60-2304], Kansas personal property exemptions are not available to debtors who are not residents of Kansas."). Appellant first argues that *Nickerson*, decided after the 2005 BPCPA Amendments, mistakenly relied on *Ginther* and *Sipka*. As discussed, *supra*, the court is unconvinced by this line of argument.

Appellant further contends that there are other Kansas exemptions for specific personal property items that do not contain a residency requirement in their plain language. *See e.g.* K.S.A. § 60-2315 (creating an earned income credit exemption for an individual debtor). Appellant contends that these Kansas exemptions bar Appellees from claiming exemptions under Section 522(d) but fails to provide any evidence that Appellees have the assets covered by the exemption. As discussed, *supra*, just because a debtor is not affirmatively barred from claiming a state exemption under the exemption's plain language, it does not mean that debtors are eligible for the exemption. Rather, the debtor must have the asset and be able to claim the exemption. Appellant thus has not shown that Appellees are eligible for Kansas personal property exemptions.

### IV. CONCLUSION

For the reasons stated above, The Court will affirm the Order overruling Appellant's objection to the Debtors' claimed federal exemptions pursuant to Section 522(d) and the hanging paragraph.

**IT IS THEREFORE ORDERED** affirming the Bankruptcy Court's Order Overruling Trustee's Objection to Debtors' Claimed Exemptions.

Dated this 4th day of June, 2021.

Honorable John J. Tuchi
United States District Judge